# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40623
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ANTONIO RAMOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-62-1

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Miguel Antonio Ramos appeals his sentence arising from his conviction for tampering with a witness in violation of 18 U.S.C. § 1512(b)(3). Ramos challenges the district court's application of two enhancements under U.S.S.G. § 2J1.2. The indictment alleged that Ramos tampered with a witness during an investigation into whether he violated the terms of his supervised release by assaulting V.M.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40623

We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Stanford*, 823 F.3d 814, 843 (5th Cir.), *cert. denied*, 137 S. Ct. 453 (2016). If the district court's finding is plausible in light of the entire record, there is no clear error. *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012).

Ramos urges that the district court erred in applying the § 2J1.2(b)(1)(B) eight-level enhancement because the offense involved threatening to cause physical injury in order to obstruct the administration of justice. He argues the threats and communication relied upon by the probation officer related to his fears over V.M.'s infidelity and were not an attempt to obstruct the investigation.

While in jail on the assault charge, Ramos consistently instructed V.M. not to cooperate with the probation officer and also made threats of violence against her. Because the finding that Ramos threatened physical injury against V.M. in order to obstruct the administration of justice was plausible in light of the record as a whole, the district court did not clearly err in applying the enhancement. *See Serfass*, 684 F.3d at 550.

In addition, Ramos argues that the district court erred in its application of the § 2J1.2(b)(2) three-level enhancement because the offense resulted in the substantial interference with the administration of justice. He alleges the delay relied upon by the Government in support of the enhancement was merely the time it took for the Government to prepare and file the instant charge against Ramos. He also argues that the number of hours spent by the probation officer in reviewing the recorded phone conversations should not be considered substantial interference because that task occurred within the course of the investigation for the instant charge.

No. 17-40623

The record supports a finding that Ramos's instructions to V.M. resulted in two-month delay in the probation officer's ability to file the original and superseding revocation petitions. The presentence report stated, and the probation officer confirmed, that he spent at least 90 hours reviewing recorded phone conversations to determine whether Ramos had tampered with a witness and obstructed the investigation by threatening V.M. not to cooperate with it. Ramos's argument that the review of the phone calls would have occurred during the normal course of the investigation ignores that his threats against V.M. obstructed the separate investigation into the supervised release violation. Because the finding was plausible in light of the record as a whole, the district court did not clearly err in applying the enhancement. *See Serfass*, 684 F.3d at 550; *United States v. Harrington*, 82 F.3d 83, 87 (5th Cir. 1996).

AFFIRMED.